**LEAVELL COAL CO. et al. v. WEST et al.**

No. 23261. Opinion Filed Dec. 6, 1932.

Rehearing Denied Dec. 27, 1932.

Hayes, Richardson, Shartel, Gilliland & Jordan, for petitioners.

Anton Koch, for respondents.

KORNEGAY, J. This is an original proceeding to review an award of the Industrial Commission, which is as follows:

"Now, on this 17th day of December, 1931, the State Industrial Commission being regularly in session, this cause comes on to be considered pursuant to a hearing held at Okmulgee, Okla., October 15, 1931, before Inspector T. J. McConville, duly assigned to hear said cause, to determine liability and extent of disability, at which hearing the claimant appeared in person and by his attorney, Anton Koch, and the respondent appeared by M. E. Jordan, and the Commission, after reviewing the testimony taken at said hearing and all the records on file, and being otherwise well and sufficiently advised in the premises, makes the following findings of fact:

"1. That on the 16th day of December, 1927, claimant was in the employment of the respondent and engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Law, and that on said date he sustained an accidental injury, arising out of and in the course of his employment, consisting of an injury to his right eye.

"2. That the average wage of the claimant at the time of his injury was $5 per day.

"3. That by reason of said accidental injury claimant has been heretofore paid compensation for temporary total disability, and $360 for 20 per cent. loss of vision of the right eye.

"4. That by reason of said accidental injury, claimant's condition in his right eye has undergone a change so that he now has an 80 per cent. loss of vision in the right eye; making a change in condition since the 23rd day of May, 1928, of 60 per cent. loss of vision in the right more than he had at the date of said order of May 23, 1928.

"The Commission is therefore of the opinion, on consideration of the foregoing facts, that claimant is entitled to compensation at the rate of $18.00 per week for a period of 60 weeks or the sum of $1,080.00, as a result of said accidental injury, and on account of his change of condition since May 23, 1928.

"It is, therefore, ordered that within 15 days from this date, the respondent, or its insurance carrier, pay to the claimant herein the sum of $180, as compensation for 10 weeks, at the rate of $18 per week, computed from September 26, 1931, to December 5, 1931, and continue thereafter to pay claimant at the rate of $18 per week, until a total of 60 weeks have been paid or the total sum of $1,080 has been paid on claimant's change of condition as a result of said accidental injury.

"It is further ordered, that within 30 days from this date the respondent or insurance carrier herein file with the Commission proper receipt or other proper report evidencing compliance with the terms of this order."

The record in the case shows that in the year 1928, on April 26th, testimony was scheduled to be taken before L. B. Kyle at Henryetta, but no testimony was taken. An order was made that claimant appear before Doctors Ferguson and Wails to submit to an examination. On the 10th of May, 1928, the State Industrial Commission received their report, evidently prepared by Dr. Wails. The report is in the record at pages 9 and 10, and is somewhat argumentative in form, but suggests that not more than 20 per cent. impairment of the use of the right eye be allowed for. In that report is found the following:

"I was able to prove that this eye sees a good strong 20/50 and he even reads 20/40 dimly."

There was some statement about 15 per cent. for far vision, but that, in view of the fact that the scar on the eye was downward and inward, for close work the defect would be a little more.

There seemed to have been some dissatisfaction with this medical examination, and an order was made for another at which the claimant could have a representative, but the Commission made a finding upon the strength of the report of Doctors Ferguson and Wails alone, according to this record, and allowed 20 weeks at $18, which was paid.

The motion for reopening was filed September 26, 1931, and on its face sets out the award of 20 per cent., and claims a 90 per cent. disability at this time, arising out of the accident. There appears in the record a statement from Dr. R. L. Westover as to the increase in the eye disability, and his testimony was taken. From that testimony it appears that, at this time, the claimant is suffering a disability of 80 per cent. in this eye, and the doctor attributes it to the original injury. The claimant also claimed that his eyes had grown worse since the last settlement, and he attributes it to the injury.

In opposition to this, there was medical testimony of one doctor which would tend to show that the claimant was a malingerer, and there were some examinations of the witnesses by the Commission that were objected to by the attorney for the original respondents, the petitioners here. Two laymen, that had been associating with the claimant, gave negative testimony to the effect that he had not told them of the defect in the eye, and the claimant again testified with reference to some of the dealings and why he had not explained to his associates his troubles. Continuance was taken to take more testimony, but the parties agreed to submit it on the testimony without more, with the result of the award that has been set out.

The petitioners here urge that there is no competent evidence to show that the loss of vision was due to the original injury, or that it was permanent, or that there was evidence of change of condition since the hearing in 1928. We have examined the entire record and the briefs, and the cases cited by both sides, and we think that there was sufficient competent evidence to sustain the award, and sufficient competent evidence to come within the decisions of this court on change of condition and applications to reopen. It is clear that the claimant was only allowed 20 per cent. originally, and if the evidence of the medical expert, who made the examination, is to be believed, the 60 per cent. allowed by the Commission was in accordance with the evidence that there had

40

been a change of condition since the award was made.

The award is affirmed.

LESTER, C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur. CLARK, V. C. J., absent.